IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01010-BNB

DOUGLAS BURNS,

    Applicant,

v.

EXECUTIVE DIRECTOR, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL -9 2007

GREGORY C. LANGHAM
CLERK

## ORDER TO TRANSFER ACTION TO COURT OF APPEALS

Applicant Douglas Burns is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City. Mr. Burns filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the habeas corpus application liberally because Mr. Burns is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the habeas corpus application will be transferred to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit).

Mr. Burns previously sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254. *See Burns v. Executive Director*, No. 07-cv-00415-ZLW (D. Colo.

Apr. 23, 2007). The Tenth Circuit denied him authorization to file a second or successive § 2254 motion, and dismissed the action. *See Burns v. Executive Director*, No. 07-1205 (10th Cir. June 13, 2007). In No. 07-cv-00415-ZLW, Mr. Burns challenged the validity of the same state court conviction he is challenging in the instant action. Therefore, the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3) (2006), Mr. Burns must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive application. Mr. Burns alleges that he has not obtained the necessary authorization from the Tenth Circuit. *See* application at 25, ¶ 3. Therefore, the Court must transfer this action to the Tenth Circuit pursuant to 28 U.S.C. § 1631 (1994). *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). Accordingly, it is

ORDERED that the clerk of the Court transfer the instant action to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631. It is

FURTHER ORDERED that any pending motions are denied.

DATED at Denver, Colorado, this __6__ day of __July__, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01010-BNB

Douglas Burns
Prisoner No. 47358
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/09/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk